IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| ELEVATION OUTDOOR ADVERTISING, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 2:09-CV-015 |
| THE CITY OF MORRISTOWN, MORRISTOWN REGIONAL PLANNING COMMISSION, BARBARA C. "SAMI" BARILE, FRANK MCGUFFIN, JOHN E. CAHILL, JIM BEELAERT, CLIFTON JACKSON, SR., HOMER HARRELL, JOHN "JACK" KENNERLY, RANDY HALL, and ROSE PARELLA, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

Now before the court is "Defendants' Motion to Dismiss and/or for Summary Judgment or, in the Alternative, Motion to Stay" [doc. 6]. Plaintiff has filed a response, to which defendant has submitted a reply.[1] For the reasons that follow, defendant's motion will

---

[1] The parties have also filed as separate documents: defendants' "Statement of Undisputed Material Facts" [doc. 8]; "Plaintiff's Response to Defendants' Statement of Undisputed Material Facts and Additional Statement of Undisputed Material Facts" [doc. 11]; and "Defendants' Response to Plaintiff's Statement of Additional Undisputed Material Facts" [doc. 16]. Defendants commenced these filings, in their words, "pursuant to the local rules of this Court . . . ." However, the United States District Court for the Eastern District of Tennessee in fact has no such local rule. Defendants' confusion may stem from the fact that the form scheduling order used by the Honorable J. Ronnie Greer requires that all motions for summary judgment *in his cases* must be accompanied by a separate statement of allegedly undisputed material facts. Unlike Judge Greer, the undersigned does not require - and in fact does not even consider - such filings. Therefore, any subsequent
(continued...)

be granted in part and denied in part.

I.

*Background*

Taking all allegations of the complaint as true for purposes of the present motion, plaintiff Elevation Outdoor Advertising primarily owns, erects, and leases "off-premise" signing, more commonly known as billboards. On approximately April 25, 2008, and again on approximately September 22, 2008, plaintiff submitted a Planning Commission application to defendants for placement of a new off-premise sign. By each application, plaintiff sought to "trade in," or eliminate, an existing sign pursuant to section 14-2907(1)(a) of the City of Morristown's sign ordinance. At defendant Morristown Regional Planning Commission's December 9, 2008 meeting, both applications were denied.

At 2:30 p.m. on February 6, 2009, plaintiff filed the instant civil action in this court. The complaint alleges that the denials offend the First, Fifth, and Fourteenth Amendments to the United States Constitution. Plaintiff also argues that section 14-2907 is unconstitutional. Plaintiff asks that the court order defendants to issue the requested sign permits, find that the denials were "arbitrary and capricious," and award $5,100.00 per month in damages.

---

[1](...continued)
dispositive motions in this case <u>must not</u> be accompanied by a separate statement of undisputed material facts.

Also on February 6, 2009, at 1:15 p.m., plaintiff filed suit in the Chancery Court for Hamblen County, Tennessee against the City of Morristown and the Morristown Regional Planning Commission. In its Petition for Certiorari, plaintiff sets forth the same factual basis as in its federal complaint. Plaintiff asks the state court to find that the denials were "illegal, arbitrary, capricious, erroneous, and without material evidence to support the decision." Plaintiff also asks the state court to order the granting of its applications. Plaintiff again seeks $5,100.00 per month in damages.

Citing the pending state court action, defendants' present motion asks for "summary judgment," dismissal, or a stay of the federal case pending resolution of the state court litigation. Defendant's briefing to this court, however, makes apparent that they are not in fact seeking "summary judgment" in the traditional sense but rather are asking for either "a dismissal of the claims filed against them on abstention grounds or, at the very least, a stay of the federal proceedings pending the outcome of the state court action." [Doc. 15, p. 1].

II.

*Analysis*

In light of federal courts' "virtually unflagging obligation" to exercise their jurisdiction, abstention "is the exception, not the rule." *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 813, 817 (1976). When warranted, abstention "rest[s] on considerations of wise judicial administration, giving regard to conservation of judicial

3

resources and comprehensive disposition of litigation." *Id.* at 817 (citation and quotation omitted).

In deciding a *Colorado River* abstention motion, the court must first determine whether the pending state and federal cases are parallel. *See Romine v. Compuserve Corp.*, 160 F.3d 337, 339 (6th Cir. 1998). The parties and issues must be "substantially similar," but need not be identical. *See id.* at 340; *Bates v. Van Buren Twp.*, 122 F. App'x 803, 806 (6th Cir. 2004).

Although plaintiff's federal complaint contains federal issues not found in the state court petition, the court nonetheless finds the pending actions substantially similar. Both cases arise out of the billboard application denials, and the factual allegations of each complaint are virtually identical. In each action, plaintiff sues at least the City of Morristown and the Morristown Regional Planning Commission seeking: a ruling that the denials were "arbitrary and capricious;" an order requiring defendants to issue the requested sign permits; and damages of $5,100.00 per month.

Having found that the state proceeding is parallel to pending federal case, the court must next determine whether judicial economy warrants abstention. *See Romine*, 160 F.3d at 340. The court should balance factors including

1. whether the state court has assumed jurisdiction over any res or property;

2. whether the federal forum is less convenient to the parties;

3. avoidance of piecemeal litigation;

4

        4. the order in which jurisdiction was obtained by each court;

        5. whether the source of governing law is state or federal;

        6. the adequacy of the state court action to protect the plaintiff's rights;

        7. the relative progress of the state and federal proceedings; and

        8. the presence or absence of concurrent jurisdiction.

*Id.* at 340-41 (citations omitted).

        Several of the factors weigh mildly in favor of one party or the other. The chancery court has not obtained jurisdiction over any res or property, but the court does not view that factor as dispositive in the present case since there is no res or property at issue. Next, according to the complaint, most of the defendants are residents of Morristown, making the Hamblen County courthouse a more convenient location. However, the cities of Morristown and Greeneville are close to one another, so traveling to federal court should only minimally inconvenience any defendant. As for the order of filing, state court jurisdiction was obtained first, but only by 75 minutes.

        To the extent that these parallel cases overlap, the source of the governing law is state law. The courts of this state unquestionably have an interest in interpreting and enforcing state zoning laws. Plaintiff makes no argument that its pending chancery court action is inadequate to protect its state law rights.

        In the court's view, the most important abstention considerations in the present cases are the avoidance of piecemeal litigation and respect for our federalist system.

5

Abstention is warranted "in cases presenting a federal constitutional issue which might be mooted or presented in a different posture by a state court determination of pertinent state law," and also "where there have been presented difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar." *Colo. River*, 424 U.S. at 814 (citations and quotation omitted). Again, the courts of Tennessee have a significant interest in the state's zoning laws. *Cf. id.* at 814-15 (abstention appropriate in cases presenting state policy issues of substantial public import such as municipal eminent domain power or state-issued oil drilling permits). Also, the issues presented to this court will at a minimum be narrowed by resolution of the chancery court case.

The court also does not find dispositive the line of cases cited by plaintiff for the proposition that "the abstention doctrine is inappropriate for cases . . . where . . . statutes are justifiably attacked on their face as abridging free expression . . . ." *Dombrowski v. Pfister*, 380 U.S. 479, 489-90 (1965). The allegations at present relate to governmental control of the *non*communicative aspects of the outdoor advertising medium. *See generally, Metromedia, Inc. v. City of San Diego*, 453 U.S. 490 (1981); *Prime Media, Inc. v. City of Brentwood*, 398 F.3d 814 (6th Cir. 2005). The court does not see in the present case that a brief stay would bring pressing concerns of a potential chilling effect of *communicative* speech as is typically at issue in the *Dombrowski* line of cases.

6

Case 2:09-cv-00015-RLJ-DHI   Document 17   Filed 06/10/09   Page 6 of 7   PageID #: 221

The comparative progress of the state proceedings further counsels in favor of abstention. Defendants represent, and plaintiff does not contest, that the administrative transcript was filed in chancery court on April 1, 2009. It appears that section 27-9-111(a) of the Tennessee Code requires that the chancery court trial must occur within 90 days of the transcript filing.

The court will accordingly grant defendant's motion to the extent that it seeks a stay of the federal proceedings. *See Bates*, 122 F. App'x at 809 ("We therefore join other circuits in requiring a stay of proceedings rather than a dismissal in *Colorado River* abstention cases."). On the allegations of the present case, federal review at this stage of the proceedings would result in piecemeal litigation and would deprive the state of the opportunity to address a state policy issue of significant public import. Should the federal constitutional allegations of the case not be mooted or otherwise resolved by the state court ruling, the federal litigation can then resume.

An order consistent with this opinion will be entered.

ENTER:

                                                                  s/ Leon Jordan
                                               United States District Judge